## ABNER PERKINS, JUN., *versus* CALEB BURBANK.

Tσ ι declaration in assumpsit, containing several distinct causes of action, the de fendant pleads the statute of limitations in bar of the action. Replication that the ᾽ omise in the first count is within an exception in the statute, and held good.

Court will not grant an amendment or repleader after joinder in demurrer, when the amended or new plea does not go to the merits.

CASE on several promises. Two of the counts were upon twc several promissory notes, and another count was upon a specia contract. The defendant had pleaded, by leave of the Court, three several pleas. The first plea was the general issue. The second was *non assumpsit infra sex annos,* in bar to the action. The third was *causæ actionis non accreverunt infra sex annos,* also in bar of the action. The plaintiff would confess and avoid the bar, by replying that the promissory note declared on in the first count was attested by one subscribing witness, who subscribed his name as a witness thereof at the time of the signing and execution of the note.

To this replication the defendant demurs specially, and for causes of demurrer shows the following, *viz.:* —

1st. The replication is a departure, and does not maintain the declaration, nor any part of it, except the first count.

2d. It is not a full replication to the defendant's plea, which answers the whole declaration.

3d. It does not set forth the name of the said pretended witness, as by law it ought.

4th. It concludes with praying judgment if the plaintiff shall be precluded from maintaining his action as to all the counts in the declaration, when, having replied new matter respecting

* only one count, he should have prayed judgment whether [ * **82** he should be precluded as to that only.

5th. It admits that the plaintiff is properly barred, by said plea, of his action as to all the promises supposed in said declaration, excepting that mentioned in the first count.

*Emery,* in support of the demurrer, contended that the plaintiff ought to have replied so as to cover his whole declaration; and cited 5 *Bac. Abr. with Guil'inn's notes,* 329.

PARSONS, C. J. This question has formerly been settled. A plea bad in part is a bad plea. The defendant has pleaded the statute of limitations in bar of the action, and has not pleaded several pleas of the statute to the several distinct causes of action declared on. The plaintiff could not safely demur, for the bar is substantially and formally pleaded. And he could not regularly reply in any other manner. Had he proceeded, and to the second

81

count traversed the bar, and to another count pleaded some other exception of the statute, his replication would have been double, and bad upon special demurrer; because several distinct issues, either in fact or law, must have arisen from one plea in bar. If the defendant had traversed the exception contained in the replication, and the issue had been found for him, the action would have been barred; and if the issue had been found against him, the plaintiff would have had judgment on all the counts. (*a*) A general bar of the statute pleaded to the action arising on distinct contracts, if it be traversed by the plaintiff in his replication, is attended with no inconvenience. There is but one issue, although it may comprise several facts, all or some of which may be found for the plaintiff or defendant. But when there is a count containing a distinct cause of action, against which the defendant is apprehensive the statute doth not run, or which may be within some of its exceptions, it will be prudent for him to plead the statute specially to that count; and to plead it generally only to the counts where the facts will require the same replication.

*By the Court.* The replication is good.

*Emery* then moved the Court for leave to plead anew, for the purpose of pleading the statute of limitations to the several counts in the declaration.

[ * 83 ]　　*PARSONS, C. J.　The rule of this Court respecting amendments authorizes the plaintiff to amend his declaration at any time before joinder in demurrer, on paying costs, or granting a continuance, at the election of the defendant. The right to amend, then, is of course. But the rule has not taken away the discretionary power of the Court to grant amendments, whenever the justice of the case shall require it. (*b*)

---

(*a*) This is manifestly erroneous. The plaintiff might well have replied to the plea of the statute of limitations that, so far as it related to the first count, the promissory note therein mentioned was, at the time of the making thereof, attested by a subscribing witness; and so far as it related to the second and third counts, he might have taken issue, or replied some other exception to the statute, and his replication would not have been double. If the defendant had traversed the exception pleaded, and the issue had been found for him, the plaintiff would have been barred of his action only as to that count to which the issue related; and if the issue had been found against him, the plaintiff would have been entitled, so far as regarded this finding, to recover only upon that count. And, accordingly, in the case in the text, the plaintiff having replied only to so much of the defendant's pleas as related to the first count, was, upon demurrer, entitled only to judgment upon that count in case the general issue should be found for him; and as to the other counts, the defendant was entitled to judgment, inasmuch as the pleas of the defendant, so far as they related to those counts, remained unanswered. — 1 *Chitty, Pl.* 688, 612, 565. — 3 *Chitty*, 1146, *a*, 5th *Lond.* ed. — *Stevens on Pleading*, 269. — *Johns* vs. *Whitley & Al.* 3 *Wils.* 127. — *Little* vs. *Blunt, Suff. March T.* 1823, MSS.

(*b*) *Bullard* vs. *The Nantucket Bank*, 5 *Mass. Rep.* 99. — *Haynes & Ux.* vs. *Morgan* 3 *Mass. Rep.* 208. — *Holbrook* vs. *Pratt*, 1 *Mass. Rep.* 96.

PERKINS *vs.* BURBANK.

But I have never known the Court go so far as to grant an amendment or a repleader, after joinder in demurrer, when the proposed amended or new plea does not go to the merits of the action, which cannot generally be said of this plea of the statute of limitations. If any equitable cause was shown in aid of this motion, as that the defendant has lost the benefit of evidence by the death or absence of his witnesses, or that his papers have been destroyed or lost, amongst which was material evidence for him, the Court might be induced to grant it; but without some such ground, it is not to be favored, especially when the action is still open for trial upon the general issue.

*Vide* 1 *W. Black. Rep.* 35, *Willet* vs. *Atterton.* The Court will not set aside a judgment, which had been signed by mistake, so as to allow the defendant to plead the statute of limitations.

*The motion was denied.*

*P. Mellen* for the plaintiff.

---

[NOTE.— *The Court in the other counties of the Eastern Circuit was held by* SEWALL, THATCHER, *and* PARKER, *Justices.* PARKER, J., *having been of counsel in the causes wherein questions of law were reserved, there were no decisions of such causes.*]