## Thomas Gerrish *versus* Isaac Train.

Trespass *de bon. asp.* ; plea, property in one S, and not in the plaintiff, and justifying as deputy sheriff; replication, *de sua injuriâ* and traversing that the property was in S ; rejoinder, that it was in S ; issue, and verdict of guilty. *Held*, that the issue was immaterial, and a repleader ordered. *Held*, also, that the plea, even if it amounted to the general issue, was well enough, not being specially demurred to, and that the first fault was in the replication, in not taking issue on the traverse in the plea.

*Held* also, that the verdict was bad, being argumentative ; but whether it was amendable or cured by the statutes of jeofaile, *quære*.

If the court are at a loss how to give judgment, a repleader will be awarded on the motion of either party.

Trespass *de bonis asportatis*.   Plea, that the property of the goods, at the time of the taking, was in one Stevens, and not in the plaintiff ; that the defendant was a deputy sheriff, and that he took the goods by virtue of a writ of attachment against Stevens in favor of one Shattuck.   Replication, that the defendant took the goods of his own wrong, traversing the property's being in Stevens, and concluding with a verification. Rejoinder, that the property was in Stevens, and concluding to the country ; and issue joined thereon.

*Ward* C. J. of C. C. P. was of opinion, that the issue ought to have been taken upon the property's being in the plaintiff, but inasmuch as a finding that the property was in Stevens would have been decisive against the plaintiff, he refused to order a repleader before a trial ; and the case was committed to the jury, who returned a general verdict that the defendant was guilty, and assessed damages.   It not being observed that the verdict did not follow the issue, it was affirmed.   Upon a motion by the defendant, which was resisted by the plaintiff, the judge granted a new trial and ordered that the parties should replead.

To these several determinations the plaintiff filed his exceptions.

*July 13th.*    *Dunlap*, in support of the exceptions, said that perhaps the replication, notwithstanding it contained a traverse upon a traverse, might be sustained   *Fenner* v. *Fisher*, Cro. Eliz. 288 *Cary* v. *Holt*, 2 Stra. 1238, and 11 East, 70, note ; Com Dig. *Pleader*, *G*, 22.   But the first fault was in the defendant

his plea amounting to the general issue ; *Hallet* v. *Birt*, Skin. 674, 5 Mod. 252, and 1 Salk. 393 ; *Gibbons* v. *Pepper*, 4 Mod. 404 ; *Moors* v. *Parker*, 3 Mass. R. 311 ; and therefore, even if the issue was immaterial, a repleader cannot be awarded for his benefit. *Webster* v. *Bannister*, 1 Doug. 395 ; *Kempe* v. *Crewes*, 1 Ld. Raym. 170 ; *United States* v. *Burnham*, 1 Mason, 66 ; *Eaton* v. *Stone*, 7 Mass. R. 314 ; 2 Wms's Saund. 319 *c*. But the issue, though improper, was not immaterial, and the verdict was not so wrong that judgment may not be rendered upon it. The plea and rejoinder amount to the general issue, and in this view we have the right verdict. The jury could not have found the defendant guilty without finding the property in the plaintiff, and the Court will not shut their eyes to the justice of the case. *Foster* v. *Jackson*, Hob. 54 ; *Hawks* v. *Crofton*, 2 Burr. 698 ; *Porter* v. *Rummery*, 10 Mass. R. 64 ; Com. Dig. *Pleader*, *S*, 26 ; *St.* 1784, *c*. 28, § 14.

*Morey* and *Fuller contrà*, to show that the issue was immaterial and that there should be a repleader, cited 1 Chit. Pl. 597, 631, *et seq.* ; 2 Wms's Saund. 319 *a*, note ; *Serjeant* v. *Fairfax*, 1 Lev. 32 ; Com. Dig. *Pleader*, *R*, 18 ; *Holms* v *Broket*, Cro. Jac. 434 ; *Tryon* v. *Carter*, 2 Str. 994 ; *Staple* v. *Hayden*, 2 Salk. 579, 2 Ld. Raym. 922, and 6 Mod. 1 ; *Witts* v. *Polehampton*, 3 Salk. 305 ; *Howard* v. *Wickliffe*, 2 Lev. 135 ; *Coxe* v. *Cropwell*, Cro. Jac. 5 ; Bac. Abr. *Pleas &c.*, *M*; *Rex* v. *Philips*, 1 Burr. 292 ; *Masters* v. *Wood*, 2 Lev. 164 ; *Carpenter* v. *Starr*, 1 Rol. Rep. 86 ; Gilb. H. C. P. 147, 153 ; — and to the point that the verdict was bad, so that judgment could not be rendered upon it, Com. Dig. *Pleader*, *S*, 22 ; *Rowe* v. *Huntington*, Vaugh. 75 ; *Shelley* v. *Alsop*, Yelv. 77 ; *Van Benthuysen* v. *De Witt*, 4 Johns. R. 213 ; *Drage* v. *Brand*, 2 Wils. 377 ; *Bishop* v. *Kaye*, 3 Barn. & Ald. 605.

WILDE J. delivered the opinion of the Court. The first question to be considered is, whether the verdict is to be set aside for informality.

It is very clear that by the principles of the common law it cannot be sustained. The finding must be direct, and cannot be made good by inference. Thus if the defendant pleads

*solvit*, and issue is thereon, verdict that the defendant owes the money is not good, for it finds only by argument *quod non solvit*. Com. Dig. *Pleader*, S, 22 ; 2 Rol. Abr. 693. So, in trespass for taking and cutting leather, the defendant justifies as a searcher of leather, &c., and that in searching he cut it *more scrutator. ;* the plaintiff replies, of his own wrong *absque hoc* that he cut it *more scrutator. ;* verdict that he cut it of his own wrong is not good. In trover, on not guilty pleaded, the verdict was that the defendant converted the goods to his own use ; and this was held bad, though equivalent to a verdict of guilty by necessary inference.

But these are objections to the form of the verdict, and may perhaps be obviated by amendment, or the verdict may be aided by some of the statutes of jeofails.[1] It is however unnecessary to decide this point, as the objections to the pleadings are unanswerable. Nothing appears by the record which can authorize us to render judgment for either party. The verdict can only establish the fact that the goods were not the property of Stephens ; *non constat* that they were the property of the plaintiff.[2]

The plaintiff should have taken issue on the traverse in the defendant's plea. But it is argued, that in trespass it is sufficient to traverse the defendant's title, and the case of *Cary* v. *Holt*, 2 Str. 1238, is relied upon to establish this position. This case is more fully reported in a note in 11 East, 70. It was trespass *qu. cl. fregit*. The defendant makes title and gives color. The plaintiff replies *de injuria* and traverses the defendant's title, and it was held good. This is the established rule of pleading in trespass *quare clausum*. The defendant impliedly admits the possession to be in the plaintiff and justifies his right to enter ; a traverse of his right or title so to enter is therefore proper. But in trespass *de bonis* the rule is different. If the defendant pleads property in himself or a third person, this is no admission that the pro-

---

[1] *St.* 32 Hen. 8, c. 30 ; *Myn* v. *Cole*, Cro. Jac. 87 ; *Cobb* v. *Brian*, 3 Bos. & Pul. 348, 352 ; *Winstanly* v. *Head*, 3 Taunt. 237.

[2] A verdict does not help an immaterial issue. *Jones* v. *Bodinner*, Carth 371 ; *Peck* v *Hill*, 2 Mod. 137 ; *Cobb* v. *Brian*, 3 Bos. & Pul. 352 ; *Strong* v *Smith*, 3 Caines's R. 163 ; *Stafford* v. *Corporation of Albany*, 6 Johns. R. \.

perty is the plaintiff's, but it is an allegation inconsistent with a material allegation in the declaration, and a traverse is necessary ; otherwise pleadings might run into infinite prolixity. 1 Chit. Pl. 593. Thus if the defendant alleges seisin in A from whom he claims, the plaintiff cannot reply seisin in B from whom he claims, without traversing the seisin of A, or confessing and avoiding it. Cro. Eliz. 30.

But it has been argued, that no repleader should be awarded, because the issue was tendered by the defendant and is found against him ; and in such case, it is said to be a rule of law, never to grant a repleader on motion of the party against whom the issue is found ; and a dictum of *Buller* J. to this effect in the case of *Webster* v. *Bannister*, 1 Doug. 395, is, relied on by the plaintiff's counsel. But it appears that the remark alluded to was incidentally made on the argument of the cause, and was not intended to be laid down with much precision. The rule rather seems to be, that a repleader shall not be granted on motion of the party who committed the first fault in pleading, which occasioned the immaterial issue.[1] And even the rule thus laid down is not to be applied, unless enough appears on the record to entitle the opposite party to judgment.[2] *Kempe* v. *Crewes*, 1 Ld. Raym. 167 ; 1 Chit. Pl. 633.

If the Court are at a loss how to give judgment, a repleader will be awarded on the motion of either party.

In this case the first fault in pleading is in the replication. The plea is well enough ; if it amounts to the general issue the plaintiff has no right to complain, and it can only be objected to on special demurrer. It is even favorable for the plaintiff, for it admits the taking. The replication should have tendered an issue on the traverse in the plea. The first fault therefore being on the plaintiff's side, he has no right to object to the defendant's motion for judgment of repleader. But were it otherwise, a repleader would be

Gerrish
*v.*
Train.

127

---

[1] *Kirtley* v. *Deck*, 3 Hen. & Munf. 388; *Hammett* v. *Bullitt*, 1 Call, 567; *Smith* v. *Harmanson*, 1 Wash. 6 ; *Kerr* v. *Dixon*, 2 Call, 379.

[2] And it seems a repleader will not be allowed at all, where the court on the whole record can give judgment. *Parnham* v. *Pacey*, Willes, 532, 533. See *Perkins* v. *Burbank*, 2 Mass. R. 81.

Gerrish
v.
Train.

granted, because nothing appears by the pleadings, or on the record, which can authorize us to give judgment for either party.

A repleader, therefore, is awarded, and the parties must begin again at the first fault, which is in the replication.[3]

---

[3] *Cox* v. *Mellish.* 3 Keb. 664; *Stevens* v. *Taliaferro,* 1 Wash. 155; *Smith* v *Walker,* 1 Wash. 135, 136.