## Josiah Little *versus* Edmund M. Blunt.

Where a declaration contains several counts for the same cause of action, and the defendant puts in a plea to the whole declaration, the plaintiff may file several replications, one, to so much of the plea as relates to one part, and another, to so much of the plea as relates to another part of the declaration.

If on the face of a declaration any one of the counts appears to be superfluous, the court will, on motion, order it to be struck out; but where several counts for the same cause of action are introduced, in which there is a material difference in the forms of stating the case, or the demands are averred to be different, for the purpose of enabling the plaintiff to avail himself of the proof of different facts material to the support of the action, the court will not interfere.

ASSUMPSIT. The declaration contained six counts, purporting to set out six several and distinct causes of action. The first, second and third counts were severally upon three promissory notes, dated in 1807 and 1810, given by the defendant to one Somerby, and alleged to have been indorsed to the plaintiff each on the day of its date. The fourth, fifth and sixth counts were similar to the first, second and third respectively, except that they alleged the indorsements to have been made in 1822.

The defendant pleaded two pleas, each to the whole declaration, viz. 1. the general issue; and 2. the statute of limitations.

To the second plea the plaintiff filed two replications; the one, stating a new promise, avoiding the plea so far as it relates to the first three counts; the other, stating another new promise, avoiding the plea so far as it relates to the last three counts.

The defendant moved that the plaintiff be required to elect which of the two replications he would abide by, and that the other replication be struck out; averring that the first three counts are founded upon the three several supposed promissory notes of the defendant, and that the last three counts are founded on the same supposed promissory notes.

*Bartlett*, in supporting the motion, admitted that where *March 14th,* there is a single plea to counts for several causes of action, *1832.* there may be as many replications as there are causes of action; but he said that the general tendency of the common law was, to admit of but a single issue on one cause

40 *

of action; that the joinder of several counts for the same cause of action was rather an evasion of the law; that in the present case there was an attempt at a new evasion, founded on the former one; that the Court would look behind the forms of the pleadings, to the fact, that there were but three causes of action set forth, and would not permit the plaintiff to reply double; and that by analogy to the practice of striking out redundant counts, the Court would compel the plaintiff to elect which replication he would abide by. Stephen on Pl. 151, 264, 268, 284, 288, 291, 292, 293; 1 Chit. Pl. (1st edit.) 391, 542, 549, 550.

*C. G. Loring*, for the plaintiff, remarked that the defendant's motion was anomalous; that the six counts are regarded in law as setting out six distinct causes of action; that there was a propriety in inserting in the declaration two sets of counts, in order that the plaintiff might have an opportunity to avail himself of several replications, and of the proof of different facts to maintain the action; and that the defendant's course should have been, to move, before plea pleaded, to strike out counts for superfluity; but that however none of these counts could have been struck out on that ground. *Thomas* v. *Jackson*, 2 Bingh. 453; 1 Tidd's Pr. (2d Amer. edit.) 559, 560; *Nichol* v. *Wilton*, 1 Chit. Rep. 449; *Thomas* v. *Hanscombe*, 1 Bingh. 281; *Brown* v. *Crump*, 1 Marshall, 609; *Trickey* v. *Yeandall*, 1 Bingh. 66; *Anony mous*, 1 Chit. Rep. 355.

WILDE J. delivered the opinion of the Court.* The defendant moves that the plaintiff be required to elect which of the replications he will abide by, and that the other replication may be stricken out; averring that the notes of hand mentioned in the three last counts are the same identical notes mentioned in the three first counts.

The motion depends on the truth of this averment, and its effect on the pleadings; for it has not been contended by the defendant's counsel, that the replication would be bad for duplicity if the several counts could be applied to distinct causes of action. The law on this point is well

---

\* *Shaw* C. J. did not sit in the cause.

settled, notwithstanding the dictum in *Perkins* v. *Burbank*, 2 Mass. R. 82, that the replication in such case would be double. The object of the rule of pleading against duplicity is, to prevent several issues where there is but one demand or cause of action ; but if several demands are set out in the declaration, there may be regularly as many issues as there are demands.   Steph. on Pl. 284.

The defendant therefore may always plead as many distinct pleas as there are counts in the declaration, although he cannot make several answers to the whole declaration, without having leave to plead double.   " So," says Stephen, (*p.* 269,) " in the replication, and other subsequent parts of the series, a severance of pleading may take place in respect of several subjects of claim or complaint."   Thus if an action be brought for trespasses in closes A and B, and the defendant pleads a single matter of defence applying to both closes, the plaintiff is still at liberty, in his replication, to give one answer as to so much of the plea as applies to close A, and another answer as to so much of the plea as applies to close B.   The same form of pleading is allowed in the cases of *Howard* v. *Jennison*, 1 Salk. 223 ; *Trethewy* v. *Ackland*, 2 Saund. 48 ; and *Johns* v. *Whitley et al.*, 3 Wils. 127.

The principle of these decisions is in no sense inconsistent with the rule against duplicity ; so that there seems to be no exception that can be made to the replication ; which consists of two parts, it is true, but taken together they constitute but one answer to the defendant's whole plea.

Considering then the replication as good, the Court will not, and indeed of right cannot, order any part of it to be stricken out.   The plaintiff has an undoubted right to answer the whole plea, and to sustain the whole declaration.

If any motion can be maintained on the part of the defendant, in the present state of the pleadings, it should be a motion to strike out the three last counts in the declaration.

To the motion thus varied the plaintiff's first objection is, that the motion comes too late after plea pleaded.   But we do not decide the question on this objection, although it is supported by the practice long established in the English Courts ; for we are of opinion that the motion could not prevail if it had been seasonably made.

Little
v.
Blunt.

The practice of declaring in different forms upon one and the same cause of action, was originally a mere evasion of the rule against duplicity ; but it has been so long suffered and sanctioned as a relaxation of the rule, that it cannot now be considered as irregular ; but it is allowable as a privilege to which a party is legally entitled. The declaration however is not permitted to be swelled with superfluous counts, and if any appear on the face of the declaration to be so, the Court will order them to be expunged ; but where several counts are introduced, in which there is a material difference in the forms of stating the case, or the demands are averred to be different, for the purpose of enabling the plaintiff to avail himself of the proof of different facts material to the support of the action, the pleader being doubtful as to which of the facts may be capable of proof, — in such cases the Court will not interfere.

This form of declaring frequently subserves the ends of justice, and would not seem to be open to any well founded exception, although it were not supported, as it is, by long established practice.

And we see no good reason for limiting the pleader in framing his declaration, to a view of the evidence he may expect to offer in support of the facts therein alleged, for the same reason applies to the evidence which may become necessary to be offered in support of the replication. This may, it is true, tend to multiply issues and to extend the pleadings to an inconvenient length. But this inconvenience is more than compensated by the advantages to be obtained by this form of pleading, which may frequently open the door for the admission of material evidence, which, by the strict rule against duplicity, might otherwise be excluded, and which, without violating any principle of law, or established practice. may place the parties on the footing of greater equality in the prosecution or vindication of their respective rights. We do not, therefore, consider any of the counts as unnecessary and superfluous, and the motion to expunge one of them or to limit the plaintiff to a single replication must be overruled.

*Defendant's motion overruled.*