WILLIS W. WOOD v. TOWN OF SPRINGFIELD.

*Soldier's Bounty. Pleading. Vote. Construction. Statute of Limitations. Enlistment. Payment. Accord and Satisfaction.*

A replication to a single plea to a declaration containing several counts, which applied to only one count, would be no answer to the pleas to the other counts. *Carpenter* v. *McClure*, 38 Vt., 375, overruling *Perkins* v. *Burbank*, 2 Mass., 81.

Where no question was made in the county court about the want of an answer to a plea, or such portion of it as applied to one of the counts of the declaration, or about the admissibility of evidence to prove or disprove it, and evidence was received without objection that is claimed on one side to prove and on the other to disprove it, it must be treated as traversed, and the truth of the allegations in it as being in issue.

A vote of the town to· "pay the claims of those veteran soldiers who re-enlisted into the United States service to the credit of the town after two years service therein, without having received any previous bounty from the town, the sum of two hundred and one dollars each to be paid," &c., *held* to create a new liability of the town as to those who had no valid claim to any bounty previous to its passage, and to those who had such valid claim it was a vote to pay so much on it, and an acknowledgment of the claim, which, being within six years previous to bringing the action, would save the statute of limitations from running on the claim.

The act of volunteering or enlisting contemplated by the provisions of §20, ch. 63, Gen. Sts., includes the whole transaction by which a person not before in the military ser-

78

Wood *v.* Springfield.

vice would get into it, and would embrace the muster of the recruit as well as the sign-
ing of the contract of enlistment by him.

The cause of action accrues for a bounty previously voted at the moment of enlistment.
But the time during which the soldier is absent from the state in the military service
is to be deducted in determining whether the statute of limitations has run on a claim
for bounty.

Where the defendant gives notice of a payment without alleging that it was a payment
in satisfaction of the plaintiff's claim, and where the county court fails to find that the
payment was a waiver of or satisfaction of the claim, the receipt of a part of a lawful
claim cannot operate as satisfaction of the whole.

ASSUMPSIT to recover town bounty; Plea, non assumpsit, and statute of limitations, and notice of special matter of defense. Replication and rejoinder. Trial by the court, December term, 1870, BARRETT, J., presiding. The parties gave in evidence an agreed statement of facts, and the record of several warnings and votes of the town of Springfield.

At the town meeting of November 25, 1863, it was "voted to pay a bounty of three hundred dollars to such volunteers as shall enlist and be mustered in under the last call of the President, if they shall enlist before the first day of January next."

At the town meeting held December 22d, 1863, it was "voted to pay those persons who have enlisted or shall enlist to fill up the quota of this town under the last call of the President of the United States, when accepted and mustered into service, not ex-ceeding 29 men in the whole, an additional bounty of two hun-dred dollars to the bounty of three hundred dollars heretofore voted by the town."

At the meeting held February 15th, 1864, it was "voted that the town pay a bounty of not exceeding five hundred dollars each to a sufficient number of men to fill the town's quota under the present call, and that the veterans already enlisted be included, provided that they can count to the credit of the town on the last call of the President for 500,000 men."

At the meeting held March 7th, 1865, it was "voted to pay ev-ery re-enlisted veteran now in the service to the credit of this town, and who have received no bounty, a bounty of two hundred dollars. Voted to adjourn this meeting to Saturday, the 25th day of March instant, at one o'clock P. M." Adjourned meeting held 25th March, 1865. Voted as follows:

" Voted to reconsider the above vote passed at said meeting of March 7th, 1865, to pay every re-enlisted veteran, now in the service to the credit of the town, a bounty of two hundred dollars."

" The original proposition was now again before the meeting, and on being amended it was voted that the town will pay the claims of those veteran soldiers who re-enlisted into the United States service to the credit of the town after two years service therein, without having received any previous bounty from the town, the sum of two hundred and one dollars to each, to be paid in four annual installments of fifty dollars and twenty-five cents each, on the first day of April in the years 1866, 1867, 1868, and 1869."

The defendant introduced the account book of the selectmen of Springfield, in which they kept the account of installments paid under the vote of March 25, 1865, from which it appears that said defendant has paid to the lawful attorney of the plaintiff the sum of two hundred and one dollars. In said book the statement of account and receipts stands as follows :

1866. Willis W. Wood, first installment, due April 1st, 1866, $50.25.

April 2, received the foregoing installment, in full, by town order. WILLIAM WOOD, *Attorney for son.*

1867. Second installment, due April 1st, 1867, $50.25.
April 1st, Received second installment.
WILLIAM WOOD, *Attorney for son.*

1868. Third installment, due April 1st, 1868, $50.25.
Received the third installment.
WILLIAM WOOD, *Attorney for son.*

1869. Fourth installment, due April 1st, 1869, $50.25.
Received the fourth and last installment of bounty.
WILLIAM WOOD, *Attorney for son.*

The defendant claimed that accepting the bounty under the last mentioned vote was in full of all bounty due from the town, and in full settlement of all the plaintiff's claims for bounty against the defendant.

At the time of the call for 300,000 men, the town had a surplus credit of 19 men, and the balance of their quota under that

call was 29 men, and the plaintiff counted as one of said 29 men under that call.

The parties agree that the following statements are facts in this cause :

That in the month of October, 1863, and from then until the 11th day of July, A. D. 1865, the plaintiff was an inhabitant of the defendant town ; that on the 21st day of December, 1863, at Brandy station, Virginia, having then been for more than two years a soldier in Company A, 3d Reg. Vt. Vol., in the service of the United States, for the purpose of suppressing the rebellion and executing the laws of the Union, he re-enlisted as a veteran soldier in said company, and remained in said service to the credit of said town, and without the state of Vermont, from then until the 11th day of July, 1865 ; that he was accepted and mustered into the service of the United States at the time of his enlistment ; that on said 21st day of December, the plaintiff had learned through his friends in Springfield that the defendant town had voted a bounty of $300 to men who should enlist to the credit of said town ; that he enlisted expecting to receive said bounty ; that the President of the United States, on the 17th of October, 1863, issued a call for 300,000 men ; that the quota of said town under said call was 48 men, and that the plaintiff was counted and reckoned to the credit of said town on said quota under said call ; that on the 22d day of December, 1863, the defendant had less than 29 men accepted and mustered into the service to its credit on said quota ; that on the first day of February, 1864, the President issued a call for 500,000 men ; that the quota of the defendant town under said call was 25 men, and that the plaintiff was a veteran already re-enlisted and did apply and was counted and reckoned in reduction of said last mentioned quota ; that said call for 500,000 men included and embraced the said call for 300,000 men as well as the deficiency under the draft ; that the plaintiff has never received any bounty from said town except as above stated, and that neither the plaintiff nor any one for him ever had any negotiations with any of the officers of said town, nor any promise from any one acting for said town, to pay any bounty except in and by the votes of said town ; that the defendant had notice of plaintiff's re-enlistment, muster-in, &c.

From the foregoing evidence and agreed facts and the *book* in which the selectmen kept the record of payments under the vote of March 25, 1865, the court infer and find that the plaintiff, at the time he received said installments, understood and supposed that to be all said town was liable to pay him by way of bounty.

The court *pro forma* rendered judgment for the plaintiff for $469.95, to which defendant excepted.

The above votes were in pursuance of appropriate articles in the warnings of said meetings ; and no question was made as to the legality of the meetings.

The pleadings are sufficiently referred to and stated in the opinion of the court.

*J. W. Pierce*, for the defendant.

*G. A. Davis* and *T. O. Seaver*, for the plaintiff.

The opinion of the court was delivered by

WHEELER, J. The declaration in this case contains three special counts and the common counts in assumpsit. The first special count sets forth a contract on the 25th day of November, 1863, to pay three hundred dollars to each person who should enlist and be mustered into the military service of the United States to the credit of the defendant under the call of October 17, 1863, before the first day of January, 1864, and that the plaintiff did so enlist and be mustered on the 21st day of December, 1863 ; the second special count sets forth a contract on the 22d day of December, 1863, to pay two hundred dollars in addition to the three hundred ; the third special count, a contract on the 15th day of February, 1864, to pay a bounty of five hundred dollars. To the whole declaration the defendant town pleaded the general issue, and that the causes of action did not accrue within six years before the commencement of the suit, and gave notice that upon the trial it would give in evidence and rely upon in defense that it had voted a bounty of two hundred and one dollars payable in installments to such veteran soldiers as had received no bounty, and that the plaintiff had received and receipted for such installments under that vote. The plaintiff joined issue upon the general issue, and to the plea that the causes of action did not accrue within six years replied that he had been an inhabitant of this state, absent from it in the military service of the United States, and that he had the cause of action in the first count mentioned at

the time when he enlisted into that service, and that the cause of action in that count mentioned did accrue within six years exclusive of the time while he was so absent, but made no further answer to that plea, as it applied to the causes of action set forth in the other counts. The plaintiff insists that this replication is an answer to the whole plea, and that if he could maintain his replication as to the cause of action set forth in the first count, it would obviate the effect of the plea upon the causes of action set forth in the rest of the counts, and cites *Perkins* v. *Burbank*, 2 Mass., 81, in support of this position. That case does go to the extent of the plaintiff's claim in this respect; but in *Carpenter* v. *McClure*, 38 Vt., 375, it was held that a replication to a single plea to a declaration containing several counts, which applied to only one count, would be no answer to the plea as to the other counts. The reasons for the decision then made were fully set forth, and the authority and weight of the decision in *Perkins* v. *Burbank* fully considered, in the opinion of the court in *Carpenter* v. *McClure*, by Judge PECK. There is no occasion to do more in respect to this decision upon the effect of this replication, than to refer to the decision in *Carpenter* v. *McClure*. If the plaintiff had had any special answer to the plea as to the other counts, he could have set it forth in another replication to the plea as applied to each or all of them, and such pleading would not be bad for duplicity, while he had no more than one replication to the plea as it applied to each count. This replication only went to the plea as a special answer to the first count, and none having been made to the plea as an answer to the others, it stood without answer except such as can be inferred was understood as having been made to it in the county court. No question was made there about the want of an answer to that part of the plea, or about the admissibility of evidence to prove or disprove it, and evidence having been received without objection that is claimed on one side to prove and on the other to disprove it, it must have been treated as traversed and the truth of the allegations in it as being in issue. The defendant traversed the replication and issue was joined thereon. The trial was had by the court below upon the issues joined upon the general issue, upon a traverse to the plea of the

statute of limitations as it applied to all the counts but the first, upon the traverse to the replication and upon the notice.

As to the issue joined upon the general issue, the plaintiff by his proofs and the agreed statement of facts showed that the defendant, on the 25th day of November, 1863, offered to pay a bounty of three hundred dollars to such volunteers as should enlist and be mustered in under the then last call of the President if they should enlist before the first day of January then next, and that on the 21st day of December, 1863, he complied with the terms of the offer. This made out that the defendant did assume and promise as in the first count was alleged. *Gale* v. *Jamaica*, 39 Vt., 610. The plaintiff also showed that he had enlisted to fill the quota of the defendant under the then last call for soldiers, and that on the 22d day of December, 1863, the defendant town voted to those who had, or should so enlist, an addition of two hundred dollars to the bounty of three hundred dollars before voted. This made out that the defendant did assume and promise as in the second count was alleged. *Cox* v. *Mt. Tabor*, 41 Vt., 28. The plaintiff claims no right to recover either upon the third count or upon the general counts, therefore no consideration is given to either. The plea of the statute of limitations being treated as having been traversed as to the first count, the finding of the county court is to be applied to that issue. That issue is whether the defendant promised to pay the two hundred dollars mentioned in that count, or not, within six years next before the commencement of this suit. A new promise to pay that claim, or an acknowledgement of it made within six years, would support the affirmative of that issue. 1 Ch. Pl., 582. The plaintiff, as has been seen, had a valid claim to the sum of three hundred dollars upon his muster into service on the 21st day of December, 1863, and to two hundred dollars upon its being voted on the 22d day of December 1863. On the 25th day of March, 1865, these claims had not been paid, and the plaintiff was then a veteran soldier, who had re-enlisted into the service to the credit of the defendant after two years service therein, and had received no previous bounty. On that day the defendant town voted that it would " pay the claims of those veteran soldiers who re-en-

listed into the United States service to the credit of the town after two years service therein, without having received any previous bounty from the town, the sum of two hundred and one dollars each, to be paid in four annual installments of fifty dollars and twenty-five cents each, on the first day of April, in the years 1866, 1867, 1868, and 1869." Perhaps some of the soldiers who were included in this vote had no valid claim to any bounty previous to its passage; if so, the vote created a new liability of the defendant to them. But inasmuch as the plaintiff had a valid claim previous to the vote, and the vote was in terms to pay the claims of a class of which the plaintiff was one, and was not expressed to be in lieu of, or in satisfaction of, any other claims, as to the plaintiff the vote is considered to have been a vote to pay two hundred and one dollars upon the claims which he then already had. This vote was within six years next before the commencement of this suit, and was an acknowledgment of the claim of the plaintiff. The finding in respect to this vote determined the issue upon the plea of the statute of limitations as applied to the second count in favor of the plaintiff. The plaintiff did not choose to rest his right of recovery under his first count upon a traverse of the plea of the statute of limitations, but replied specially, and the replication was traversed and issue joined thereon. If the plaintiff had traversed that plea as to the first count instead of replying new matter, the same finding that determined the issue upon the traverse of it as to the second plea in favor of the plaintiff would have determined the issue upon the traverse of it as to the first plea in the same way. But as the issue was joined upon the traverse to the replication, the finding is to be applied to the determination of that issue. The material facts put in issue by the traverse of the replication are that the plaintiff had the cause of action mentioned in the first count when he enlisted into the service, and that this cause of action accrued within six years exclusive of the time of his absence in the service. The facts found and conceded show that this cause of action accrued to him upon his enlistment and muster. The act of volunteering or enlisting, contemplated by the provisions of § 20, chap. 63, Gen. Stats., includes the whole transaction by

which a person not before in the military service of the United States would get into it; and would embrace the muster of the recruit as well as the signing of the contract of enlistment by him. The act of volunteering or enlisting in this sense by the plaintiff gave him this cause of action; it accrued at the same moment at which he enlisted, he got the cause of action at that time and had it then, therefore he had it at the time of volunteering or enlisting within the meaning of this statute. This was December 21st, 1863. He was absent from the state in the service from that time until the 11th day of July, 1865. This action was commenced the 15th day of March, 1870. Therefore the action did accrue within six years, exclusive of the time of his absence in the service. This determines the issue joined upon the traverse to the replication in favor of the plaintiff. No objection was made or question raised in the county court about the proof of the facts set forth in the notice of special matter; these facts are therefore properly in the case, and the defendant has a right to rely upon the legal effect of them in connection with the other facts established upon the other issues. *Paige* v. *Smith*, 13 Vt., 271. These facts amount to a payment by the defendant of the several sums of money set forth in the notice and established by the finding at the several times when the payments were made. The defendant insists in argument that the acceptance of these payments by the plaintiff amounted to a waiver of all previous claims, or to a satisfaction of them. The statute requires notice to be given of the defense of accord and satisfaction. The notice in this case sets up the defense of payment to the extent of the sums alleged to have been paid, but does not allege any accord or payment in satisfaction of any claim. Neither is it found by the county court that the defendant voted or that the plaintiff received the sums paid in waiver of or satisfaction of any claim. This argument in favor of the defendant must fail for want both of allegation and of any finding to support it. Without an express finding to that effect, the receipt of a part of a lawful claim cannot operate as a satisfaction of the whole. *Preston* v. *Grant*, 34 Vt., 401. The result is that the plaintiff is entitled to recover on the first count three hundred dollars with interest; on the sec-

79

ond count two hundred dollars with interest ; and the defendant is entitled upon his notice of payment to have deducted, as having been paid, the sums paid under the vote of two hundred one dollars at the several times when these sums were paid. We understand that this is the same as the judgment in the county court.

Judgment affirmed.