ALBANY,
Feb. 1834.

Patten *vs.* Harris.

Patten
v.
Harris.

After a demurrer to a declaration is adjudged frivolous, the court reluctantly give leave to a defendant to plead anew ; in this case leave was given on an affidavit that the demurrer was put in in good faith, that the defendant had a defence on the merits, and that unless he was permitted to plead to the count demurred to, the whole cause of action would stand confessed upon the record.

*It seems,* that a demurrer put in, not with a view of disposing of the case on the merits, but solely in the hope of its proving successful, cannot properly be said to have been put in *bona fide.*

THE defendant put in a demurrer to one of the counts of the plaintiff's declaration, which the court at the last general term pronounced to be *frivolous,* and gave judgment for the plaintiff, refusing leave to the defendant to plead anew. On suggestion of counsel, however, permission was given to make a special application to the court for leave to plead anew, on notice to the opposite party. An affidavit was now read that the demurrer was interposed in good faith, and an affidavit of merits was produced ; it also appeared from the record, that although there were pleas to other counts, still, unless the defendant was permitted to plead to the count demurred to, the whole cause of action would be confessed. <span>February 20.</span>

*By the Court,* SUTHERLAND, J. It is with great reluctance that we consent to give leave to the party in this case to plead anew ; the demurrer may have been interposed in the hope of its proving successful, but it was not put in with the expectation of its deciding the cause upon the merits, and it cannot therefore well be said to have been put in in good faith ; but there is an affidavit of merits, and unless the defendant be permitted to plead, the whole cause of action will stand confessed upon the record. Under these circumstances, the defendant is permitted to plead anew, on payment of costs.