# SUPREME COURT.

SAMUEL M. OSGOOD agt. WILLIAM WHITTELSEY and others.

Under the former system of pleading it was necessary, in an action on the common money counts, to recover on a promissory note against maker and *surety*, to declare *specially* on the note, in order to recover against the surety. That is: A declaration on the common money counts alone was insufficient to recover against the surety, (where he appeared as surety on the face of the note,) because the note could not be given in evidence against the surety as money loaned, or money had and received by him to the plaintiff's use.

But where the action is on the *note itself*, which was authorized under the former system, as well as now, under § 120 of the Code, this rule is not applicable.

Ordinarily, where a defendant asks a favor of the court, to wit: for leave to withdraw a demurrer and to put in an answer, he must show that his demurrer was put in in good faith; that is, to dispose of the cause *on the merits*.

The mere *promise* to extend the time of payment, on receiving a part of the debt, is not such an *extension* as to *discharge the surety*. There must be some new *consideration* for the promise.

The court in the exercise of a sound discretion, will not permit a defendant who asks a favor, to interpose the statute of limitations, where he in effect concedes that the debt has not been paid.

*Kings Special Term, March,* 1860.

THE action was on a promissory note. The allegations of the complaint were as follows: " That Samuel W. Whittelsey, and William Whittelsey as his security, on the 30th day of December, 1836, at the city of New York, made their promissory note in writing, whereby they promised to pay to Friend Whittelsey or order, ninety days after date, three hundred dollars, for value received. And the said plaintiff further shows, that on the 14th day of February, 1837, at the said city of New York, the said defendant, Samuel W. Whittelsey, and William Whittelsey as his security, made their certain other promissory note in writing, by which they promised to pay to Friend Whittelsey, or order, three hundred dollars, ninety days after date, for value received. And the said payee thereof indorsed the said two promissory notes to the above named

plaintiff, and that when the said notes became due and payable, they were duly presented for payment to the defendant, Samuel W. Whittelsey, and payment thereof was duly demanded; but the same were not paid, nor either of them, and that due notice thereof was given to the defendants, William Whittelsey and Friend Whittelsey. And the said plaintiff further shows that at the time when the said promissory notes became due and payable, the defendant, William Whittelsey, was not a resident or within the state of New York, and the jurisdiction of this court, and has continued without the said state until within a short time past. And the said plaintiff further shows that he is now the lawful owner and holder of the said two promissory notes; that the same are not paid, nor any part thereof, and that the defendants are, and each of them is indebted to him thereupon in the sum of six hundred dollars, principal, together with lawful interest thereon, from the date when the same became due and payable respectively."

The defendant, William Whittelsey, demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. He subsequently obtained a consent that he might withdraw the demurrer and answer, but failed to do so within the time limited.

The plaintiff now moved for judgment on account of the frivolousness of the demurrer. The defendant, William Whittelsey, at the same time moved for leave to withdraw the demurrer, and put in an answer.

CHARLES S. WEBB, *for plaintiff.*
GILBERT DEAN, *for defendant, Wm. Whittelsey.*

LOTT, Justice. The case relied on by the counsel of the defendant in support of the demurrer, (*Butler* agt. *Rawson,* 1 *Denio,* 105,) has no application to this. That was an action on the money counts, and not on the note itself; and it appeared on the trial that the note which was offered to

sustain the claim, was signed by Rawson as surety. A verdict was rendered for the plaintiff, and a new trial was ordered, on the ground that it was necessary to declare specially on the instrument on which it was sought to charge the surety; and that a recovery could not be had against him on the money counts. This was declared to be upon the principle that in the common case of a suit against the makers of a promissory note, the instrument might be given in evidence under the money counts, for the reason that the note is evidence of money lent to, or had and received by the makers to the plaintiff's use ; but when one of them signs as surety for the other, and that fact appears on the face of the instrument, the note furnishes no evidence that he received the whole or any part of the consideration; but, on the contrary, it showed that the principal had received the whole consideration. In the present case the action is based on the note itself, and comes within the rule there laid down, and is, moreover, expressly authorized by section 120 of the Code. There appears, therefore, to be no ground whatever for the demurrer.

Nor can I find sufficient in the facts disclosed to justify its withdrawal, and to permit the defendant to interpose an answer. Conceding it to be true, that the pleader interposed it in the honest belief that it might be available, yet it clearly could not have been done in the expectation of disposing of the cause on *its merits*. It, therefore, to use the language of the court, SUTHERLAND, J., in *Patten* agt. *Harris*, (10 *Wend.*, *p.* 623,) " cannot well be said to have been put in in good faith." It, moreover, appears that the defendant's attorney, after obtaining the privilege of withdrawing it, and putting in an answer, voluntarily waived it.

Under these circumstances the case does not present any claim to the interference of the court, unless it is made reasonably to appear that there is in fact a valid defence. That is not shown. There is no pretence that the notes, or either of them, have been paid, in fact. The grounds

urged are, that the surety has been discharged by an extension of time to the principal—granted, " on the payment of the interest," and that the payee of the note petitioned for the discharge of the principal under the insolvent act.

The mere promise to extend the time of payment, on receiving a part of the debt, is not such an extension as to discharge the surety. There must be some new consideration for the promise. This is fully decided in *Reynolds* agt. *Ward*, (5 *Wend.*, 501,) which presents many facts and circumstances similar to the one under consideration. (*See also Draper* agt. *Romeyn*, 18 *Barb.*, 166.)

So far as the case is affected by the discharge of the principal under the insolvent act, it is shown by the affidavit of Mr. Webb, that William Whittelsey himself also assented to the discharge, and was one of the petitioning creditors. It is also stated in the affidavits read in opposition to this motion, that the notes had, in fact, been indorsed over and transferred before these proceedings in insolvency. This is confirmed by the fact also stated by Mr. Webb that he finds on examination of these proceedings, that no mention of, or reference to, those notes is made. Other circumstances are also set forth, tending to show that this ground of defence is untenable; but it is unnecessary to refer to them. The result is, that there is no reasonable foundation for the belief that either of those grounds of defence can be available. There is, it is true, an apparent defence growing out of lapse of time. It is stated, however, in the complaint, that when the notes became due and payable " the defendant, William Whittelsey, was not a resident, or *within* the state of New York, *and the jurisdiction of this court, and has continued without the said state until within a short time past.*" This allegation is only met by the defendant in a statement contained in his affidavit, " that deponent has been a resident of the state of New York for more than twenty-five years last past," and also, " that ever since said notes were given he

has been a constant resident of the state of New York, and is now such a resident."

There is, therefore, a fair and reasonable ground for the assumption that the notes are not, in fact, barred by the statute of limitations. But if it were otherwise, it would not be an exercise of a sound discretion to permit that defence to be interposed, when it is not denied, but is in effect conceded, that the debt has not, in fact, been paid. Under all the circumstances, it appears to me to be a case where substantial rights are sought to be defeated by a technical defence, and where the plaintiff should be allowed to realize the debt justly due to him, and to which he has become entitled in the due and regular course of legal proceedings.

Judgment affirmed with costs, at Poughkeepsie General Term, May, 1860. LOTT, EMOTT, and BROWN, Justices.