Grover, J.
 

 The law in this State, prior to the enactment of the Code, was settled, that tenants in common must all join in an action of trespass to recover damages for injuries to real estate held in common (Hill
 
 v.
 
 Gibbs, and eases cited, 5
 
 Hill,
 
 56). The rule applied to personal, and not to realty actions. It was founded upon the idea that it was an injury to the possession, and that as the possession of one tenant' in common was regarded as the possession of all, the injury was to them joint right, and therefore all must join hi prosecuting the remedy. The law having been so determined, it must still be so held, unless changed by the legislature.
 

 It is claimed that section 111 of the Code of Procedure has changed the law in this respect.
 

 That section provides that every action must be prosecuted in the name of the real party in interest, with exceptions -not applicable to the present case. The only change effected by this provision was, to enable courts of • law to treat assignments of certain choses in action as
 
 *342
 
 transferring the legal title, which at common law transferred only the equitable. The rule at the common law was, that the owner of the legal title 'must sue. Section 119 has, I think, no bearing upon the question in this case. That provides that those united in interest must be joined as plaintiffs or defendants ; but if the consent of any one who should have joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint. This clearly does not authorize the omission of a party which the existing law required. It is said that it would be incongruous to make one tenant in common a co-defendant with a trespasser, upon his refusal to join as plaintiff. This is so, but the answer is, that that is the only remedy provided" by the Code for a case where, before, if he refused to join as plaintiff, his co-tenant could not maintain' an action at all, unless the court, upon the special facts, permitted his name to be used as plaintiff. I think it clear that the Code has not changed the law as to the requisite parties in this class of actions.
 

 The question arises as to the mode in which the defendant may avail himself of the omission to join a co-tenant as plaintiff. Previous to the Code this could only be done by demurrer, when the defect appeared upon the
 
 narr.,
 
 or, in case it did not, by plea in abatement. The latter plea has been abolished by the Code, the only mode provided for presenting a defense being by demurrer or answer. Section 144, among other things, provides that a defendant may demur to the complaint, when it shall appear upon the face thereof that there is a defect of parties plaintiff or defendant. In the present case the defect of parties plaintiff did appear upon the face of the complaint. The plaintiffs alleged that they owned an undivided interest in the land.
 

 The remaining interest must, of necessity, have been owned by others, either as joint-tenants, or tenants in common with the plaintiffs.
 

 In either case, the co-tenants were necessary parties. One mode of presenting this question, provided by the
 
 *343
 
 Code, was by demurring to the complaint. This the defendants interposed. The special term erroneously overruled it, and gave the defendants leave to answer. The defendants answered, setting up, among other defenses, the defect of parties plaintiff. This was an abandonment of the demurrer, and placed the case in the same position as though none had been interposed. It remains to inquire whether, in case the defect does appear upon the face of the complaint, it can be made available by answer. This inquiry is answered by section 147. That provides that when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer. This clearly implies that when the defect appears upon the face of the complaint, it is available only by a demurrer to the complaint. This being so, setting it up in the answer is a mere nullity.
 

 The defendants, instead of answering, should have appealed from the judgment ordered upon the demurrer. It has been repeatedly held by this court that defects of this description must be insisted upon in the mode provided by the Code, or they are waived (33 N.
 
 Y.,
 
 43 32
 
 Id.,
 
 685).
 

 The judgment appealed from must be reversed, and a new trial ordered. If the defendant has any relief under the peculiar facts of this case, it is by obtaining leave in the supreme court to withdraw his answer, and that judgment be entered upon the demurrer.
 

 Fullerton, J.
 

 This action was brought to recover damages for trespass .on lands. The plaintiffs, in their complaint, claimed to be owners in fee of considerably less than a moiety of the lands on which the injury was committed. The defendants demurred to the complaint for non-joinder of all the tenants in common, either as plaintiffs or defendants. The demurrer was held bad, and the defendants had leave to answer, of which leave they availed themselves. The issues were tried before Mr. Justice Hogeboom and a jury, and a verdict of §30 rendered for the plaintiffs.
 

 
 *344
 
 The defendants appealed to the general term, and a new trial was ordered, the verdict of the jury being set aside, on the ground that tenants in common could not sever in an action for trespass on their lands so held in common.
 

 The cause was again tried before the same justice and a jury, and the defendants moved for a nonsuit, on the ground that the plaintiffs had failed to establish title to the premises; also that, the testimony showing that there were other persons, owners as tenants in common, cf the premises in question, the action could not be maintained. The motion for nonsuit was granted, upon the ground that tenants in common must all be joined as parties in actions for trespass upon the lands owned in common. The plaintiffs appealed to general term, where a new trial was denied; and from that decision they appeal j;o this court.
 

 It must be conceded that, before the Code, the rule in this State was, that tenants in common must join in actions to recover 'for injuries to the realty (Austin
 
 v.
 
 Hall, 13
 
 Johns.,
 
 286; Low
 
 v.
 
 Mumford, 14
 
 Id.,
 
 426; Decker
 
 v.
 
 Livingston, 15
 
 Id.,
 
 479; Hill
 
 v.
 
 Gibbs, 5
 
 Hill,
 
 56,
 
 note).
 
 This rule has not been altered by the Code. The only change it has made is in the mode of taking advantage of a defect of parties. Under the old system the only remedy was by plea in abatement; and if that were not interposed, a tenant in common could still recover. The defendant could show on the trial that there were others interested in the claim, not by way of bar, but to limit the plaintiff’s recovery to his aliquot part of the damages sustained. How,' the defendant may have his remedy by demurrer, if the defect appear on the face of the complaint, or by answer if it does not.
 

 The only question in this, case, as I view it, is whether, when the defect of parties appears on the face of the complaint, the defendant can omit to demur, and .take advantage of it by answer; and this point seems to be well settled by authority (Dennison
 
 v.
 
 Dennison, 9
 
 How. Pr.,
 
 247; Osgood
 
 v.
 
 Whittlesey, 10
 
 Abb. Pr.,
 
 134 ; Ingraham
 
 v.
 
 
 *345
 
 Baldwin, 12
 
 Bard.,
 
 18 ; Baggott
 
 v.
 
 Boulger, 2
 
 Duer,
 
 169; Zabriskie
 
 v.
 
 Smith, 13
 
 N. Y.
 
 [3
 
 Kern.],
 
 336).
 

 In this last case, Judge Denio, in discussing the question, remarks: “A dilatory defense, which a plea in abatement is considered to be, is not favored; but he that is entitled to avail himself of it must interpose it promptly, according to the established forms. Here the facts were fully disclosed by the complaint, and the defendant
 
 could hare demurred.
 
 The authority to object by way of answer is, in terms, limited to cases where the fact does not appear in the prior pleading. When, therefore, the last section (148), which I have quote!, declares that if the objection is not taken by demurrer or answer, it shall be considered as waived, it means that if it be not taken by demurrer where that mode is proper, or by answer, in cases where that is the appropriate method, it is waived. This construction will give full effect to all the language, and will, besides, compel the defendant to take his ground with the promptness inculcated by the rule of pleading to which I have referred.”
 

 This question was again considered in this court in Merritt
 
 v.
 
 Walsh (32
 
 N. Y,
 
 690), and Zabriskie
 
 v.
 
 Smith was there cited as settling the rule. The question is therefore no longer open for consideration. Where a demurrer can be interposed for a defect of parties, the defendant is confined to that remedy alone, and it is only where evidence is necessary to make the defect apparent, that an answer to that point is permitted.
 

 The complaint in this action distinctly alleges that each of the plaintiffs is the owner in fee of a specified fractional part of the lands on which the trespasses were committed, the sum of which parts is much less than the whole of the lands; thereby admitting that there were other parties jointly interested with the plaintiffs in the claim sought to be recovered, and thus bringing the case directly within the rule established.
 

 The defendants were therefore right, in the first instance, in interposing a demurrer to the complaint, and when it was overruled, they should have corrected the
 
 *346
 
 error "by an appeal. Having omitted to do so, they have acquiesced in the judgment, and are concluded "by it. If the merits of that decision were "before us in this controversy, we should correct the error, "but they are not; and the case stands precisely as if no demurrer had "been interposed. That being so, as we hold that the question could not be raised by answer, it follows that the plaintiffs were at liberty to recover their aliquot proportion of the damages proved on the trial.
 

 The judgment of the general and special terms should be reversed, and a new trial granted, costs to abide the event.
 

 All the judges concurred in reversing the judgment appealed from.
 

 Judgment reversed.