J. A. NORWOOD, Guard'n, v. WM. HARRIS and J. L. HARRIS.

Pending a motion for final judgment, the Judge below has a right to allow an amendment striking out a demurrer which had been adjudged during the same term to be frivolous and the defendants to answer, especially when satisfied that the demurrer was interposed in good faith, and that the defendants had a valid, *prima facie* defense.

CIVIL ACTION, brought to recover the amount of a bond, tried before *Tourgee, J.*, at Spring Term, 1873, of PERSON Superior Court.

Plaintiff alleges that in August, 1857, the defendants borrowed from him $1,500, which belonged to his wards, for which they gave their bond with compound interest, and which has never been paid, &c.

Defendants filed the following demurrer:

* * *  "That it appears upon the face of the complaint that the ward of the plaintiff is the real party in interest, and this action can only be maintained in the name of said

ward," which was overruled as frivolous. Plaintiff then moved for judgment upon the bond, and that such judgment be docketed as of last term. Pending this motion, defendant, Wm. Harris, with leave, filed the affidavit of J. L. Harris, his co-defendent, as to whom, however, the action had been discontinued on his plea of "Bankruptcy," and also the affidavit of Wm. Harris, Jr., agent of defendant, and asked leave to file his answer. "And it appearing to the Court from said affidavits and the statement of counsel that the demurrer had been interposed in good faith, though frivolous in its character, and that the defendants, by the affidavits filed, had a good defense, the motion is allowed and answer filed." From this order, plaintiff appealed.

*W. A. Graham,* for appellant.
*Jones & Jones,* contra.

PEARSON, C. J. His Honor adjudged that the demurrer be omitted, and held it to be frivolous ; but *pending* a motion for final judgment, he entertained a motion to amend by striking out the demurrer and allowing the defendant to answer. This latter motion was heard upon affidavits, and "his Honor being satisfied that the demurrer was interposed in good faith, and that the defendant had a valid, *prima ficie* defense, allowed the motion."

In this his Honor did not exceed his powers. He surely had a right during the time to change an opinion expressed on the first impression, and to act upon a more deliberate opinion found after hearing affidavits as to the merits, especially as this was done pending the motion for final judgment; indeed we can see no reason why he might not have done so at any time during the term. For the matter was still "*in fieri.*"

There is no error.

PER CURIAM.                    Judgment affirmed.