ALEXANDER M. FISHER, Respondent, *v.* DAVID H. GOULD, Appellant.

Effect must be given to an order of the court according to its terms.

While on appeal from an order which expresses the grounds upon which it was put, but the expression is coupled with phrases which create a doubt, the opinion of the court may be referred to, where no ground appears in the order it cannot be qualified in its operation and effect by reference to the opinion.

After judgment has been entered upon an order overruling a demurrer without leave to plead to the merits, or with leave not availed of, the court, in the exercise of its discretion, will not, as a general rule, grant leave to withdraw the demurrer and to plead.

An order refusing leave in such case is not reviewable here.

(Argued April 20, 1880 ; decided June 1, 1880.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, reversing an order of Special Term which granted leave to the defendant to withdraw his demurrer to plaintiff's complaint and to put in an answer.

Upon trial of the issue of law raised by the demurrer, an order was made overruling it and directing judgment for the plaintiff, with leave to defendant to answer in twenty days on payment of costs ; he did not avail himself of this permission, and after expiration of the time granted judgment was entered. Defendant appealed from the judgment to the General Term, and from the judgment of affirmance appealed to this court ; the judgment was affirmed, with leave to the defendant to

apply to the court below for permission to withdraw the demurrer and to answer. Whereupon motion was made for such leave.

Further facts appear in the opinion.

*F. J. Fithian* for appellant. The order appealed from is reviewable here. (Code, § 190; *Collins* v. *Collins*, 71 N. Y. 269; *Tilton* v. *Beecher*, 59 id. 176; *Hewlitt* v. *Wood*, 67 id. 394; *McMahon* v. *Mutual Benefit Life Ins. Co.*, 12 Abb. 28; *Tracey* v. *Altmeyer*, 46 N. Y. 598; *Hockstetter* v. *Isaacs*, 14 Abb. Pr. [N. Y.] 235; *Tracey* v. *Altmeyer*, 46 N. Y. 601, 602; 14 Abb. [N. S.] 235, 237; *Van Tassel* v. *Wood*, 76 N. Y. 614.) The General Term erred in holding that the court, at Special Term, had not power or authority to make the order granting leave to defendant to withdraw the demurrer and answer the complaint. (*Atkinson* v. *Bayton*, 1 Bing. N. C. 444, 740; *Bell* v. *Williamson*, 26 Weekly Reporter, 275 [1878]; *Patton* v. *Harris*, 10 Wend. 623; *Griswold* v. *Haines*, 16 Abb. Pr. 413.)

*Francis N. Bangs* for respondent. The court below was not bound, as matter of duty, to grant the defendant's motion. If the defendant had answered and then judgment had gone against him, his answering would not have prevented him from reviewing the ruling of the court upon the demurrer. (*Baker* v. *Remington*, 45 N. Y. 325; *Ayres* v. *W. R. R. Co.*, id. 264; *Thornton* v. *R. R. Co.*, 6 Daly, 571.) As a discretionary order, the one in question was the subject of an appeal to the General Term. (*Jeffries* v. *McKillop*, 48 How. Pr. 122; *Livermore* v. *Bainbridge*, 56 N. Y. 72.) The order of the General Term having been made in the exercise of discretion, and not on the ground of absence of power, it is not the subject of review here. (*People* v. *R. R. Co.*, 29 N. Y. 418; *Foote* v. *Lathrop*, 41 id. 358; *Gray* v. *Fisk*, 53 id. 630; *People* v. *Tweed*, 63 id. 202; *In re N. Y. C. R. R. Co.*, 64 id. 63; *Calken* v. *M. O. Co.*, 65 id. 557; *Platt* v. *Platt*, 66 id. 362; *Dinsmore* v. *Adams*, id. 618.) Section 724 of the Code does

not authorize any court to exercise the power which was exercised at Special Term in this case; it must be availed of within one year after notice. (*The. Judd & Co.* v. *Hubbell,* 76 N. Y. 543; *Whitning* v. *The Mayor,* 37 id. 600.) When section 497 authorizes the court to permit a withdrawal of the demurrer, it is necessarily implied that the demurrer remains in condition to be withdrawn. (*Robinson* v. *Rigley,* 1 Burr. 223; *Andrews* v. *Becker,* 1 Johns. Cas. 411; *Seaman* v. *Hoskin,* 2 id. 284; *Hildreth* v. *Becker,* id. 300; *Whitning* v. *Mayor,* 37 N. Y. 600.)

FOLGER, Ch. J.   This was a motion to the court below to give leave to withdraw a demurrer and to put in an answer. If, as the appellant contends, the motion was one addressed to the favor of the court below, and which rested in its discretion to grant or to deny, we are not able to see that the General Term did not assume that it had the power to grant or deny, and that it did not exert its discretionary authority and deny the motion, as one not meeting with its favor under the facts of the case.   The order does not state that the motion was denied for want of power to grant it.   The court speaks by its order, and effect must be given to it according to its terms.   (*Hewlett* v. *Wood,* 67 N. Y. 394.)   It is claimed that the opinion of the court below may be referred to, to find on what ground the order was put.   So it may, when the order does express the ground, but the expression is coupled with phrases that make doubt. (*Tilton* v. *Beecher,* 59 N. Y. 176.) But it has been held in 67 N. Y., *supra,* that the order cannot be qualified in its operation and effect by reference to the opinion of the court.   The *dictum* of GROVER, J., in *Tracey* v. *Altmyer* (46 N. Y. 598) has not been approved.

If we refer to the opinions, we are not able to say that the decision was placed upon a want of power.   There were two opinions at General Term.   The dissenting one is taken up with reasons why it is discreet to grant the favor, and does not discuss the question that there is power, but assumes that there is.   Evidently the learned justice who dissented did not sup-

pose that the majority of the bench were putting their decision upon the ground of want of power. The prevailing opinion is taken up with a discussion of the precedents upon like motions. It does not in terms state that there is no power, but it reasons from the course of judicial decision upon like cases, that to grant the leave in such cases is not according to the established practice, and affirms that it would be unreasonable and unjust, and that to change the practice now would lead to grave abuses. The looking to precedents in such a case is not looking for power, it is looking for the rules by which the exercise of discretion has been guided before, and should always be guided; because the discretion of a judge is not a capricious action, but is to be directed by reason, and is to walk in the path when one has been beaten. It does not appear from the opinion that the learned justice who delivered it, and his associate who concurred with him, held that the court below were under a compulsory statute or a compulsory rule of law *non scripta*, which bound them not to grant the motion. It does appear that they thought, from the decisions cited therein, that the concurrent opinion of several judicial tribunals was that it was indiscreet and imprudent for a court to vacate a judgment so solemnly rendered and so repeatedly affirmed as that in this case had been, and to allow an issue of fact now to be made, after the issue of law made by the defendant had been exhausted.

Cases are cited by the appellant which, it is claimed, show that after judgment on demurrer, a motion has been entertained and granted for leave to withdraw it and put in an answer on the merits. (*Atkinson* v. *Bayntun*, 1 Bing. N. C. 740; *Bell* v. *Wilkinson*, 26 Weekly Rep. 275.) They show that the court has a discretion so to do. They do not show that it is always proper and conducive to justice to exercise the power. The facts in those cases may have called for the exercise of the discretion. In *Atkinson* v. *Bayntun* the facts were thought to be peculiar. In *Patten* v. *Harris* (10 Wend. 623), it appears that at the time when the demurrer was adjudged frivolous, permission was given to make a special appli-

cation for leave to plead. Even then, the Special Term, " with great reluctance," consented to give leave. There, also, it appeared that there were issues of fact, as well as of law, and if the judgment on the issue of law was maintained, the whole cause of action, as well that pleaded to as that demurred to, would be confessed on the record by the demurrer.

Doubtless all matters of practice are, in the first instance, in the discretion of the courts in which questions of practice arise, when there are no statutory provisions or provisions by general rules of court that govern the cases. Yet matters of practice come after a while to be governed absolutely by the custom of the courts; and what is found in any case to have been held by authoritative decisions to be the custom of the courts, becomes thus, the way in which discretion must go. Now a long series of decisions have laid down the rule that, as a general principle, in the exercise of discretion for or against the withdrawal of a demurrer with leave to plead to the merits, it is not to be done where there has been judgment upon the demurrer overruling it, without leave to answer, or with leave to answer not availed of by the demurrant. Stricter than this has been the rule sometimes, *Saxby* v. *Kirkus*, Sayer, 11, where, even when there had not been a judgment, yet the cause had been argued, and the opinion of the court had become known, leave to withdraw was denied. And when the court has given judgment and ordered it entered, and a term has elapsed, the party comes too late. (*Seaman* v. *Haskins*, 2 Johns. Cas. 284; *Hildreth* v. *Harvey*, 3 id. 301; *Furman* v. *Haskin*, 2 Caines, \*369; *Currie* v. *Henry*, 3 Johns. 140.) This has, however, been subject to an exception, when good faith is shown in interposing the demurrer, and merits are sworn to, and the plaintiff had not lost a trial. (*Miller* v. *Heath*, 7 Cow. 101.) The case in hand does not fall within any exception to the general rule as long established.

The court below was right in refusing the order asked for, if it deemed it injudicious to do so, and we may not reverse its decision.

All concur.

Appeal dismissed.