DANIEL MAYBERRY *vs.* EPPS G. H. BRACKETT and others.

Cumberland.    Opinion February 12, 1881.

*Pleadings.    Demurrer.    Repleader.*

After a demurrer to the defendant's plea in bar is sustained, the court at *nisi prius* has power to allow the defendant to plead anew. The power is to be exercised in the discretion of the presiding justice, and only in the furtherance of justice.

EXCEPTIONS from superior court, Cumberland.

Debt on a bond.

The presiding judge sustained the plaintiff's demurrer (filed at the second term) to defendants' plea in bar, and, against the objections of plaintiff, allowed the defendants to plead anew on payment of costs.

*M. P. Frank,* for the plaintiff.

In *Endicott* v. *Morgan,* 66 Maine, 456, where the defendant was allowed to plead anew, the question of his right to do so, was not before the court.

There is no question but that at common law, judgment upon a demurrer to a plea, is final. The defendants rely upon R. S., c. 82, § 19. That relates to demurrers to the declaration, filed at the first term. This was a demurrer to the defendants' pleadings, and filed at the second term, and judgment upon it was final. *Poor* v. *E. & N. A. R. R. Co.* 59 Maine, 270; *Stilphen* v. *Stilphen,* 58 Maine, 517; *Calais* v. *Bradford,* 51 Maine, 414; *Shelden* v. *Call,* 55 Maine, 159; *Fryeburg* v. *Brownfield,* 68 Maine, 145.

*Clarence Hale,* for the defendants.

LIBBEY, J.    Two questions are raised by the exceptions.

1. Whether, after the demurrer to the defendants' plea in bar is sustained, the court has power to allow the defendants to plead anew?

2. If such power exists, can it be exercised by the judge at *nisi prius?*

By the common law as administered in this country, courts having common law jurisdiction, have power, after the defendant's plea in bar, or the plaintiff's replication is adjudged bad on demurrer, to allow the defendant to replead, or the plaintiff to reply anew. *Andrews* v. *Beecker,* 1 Johns. Ca. 411; *Seaman* v. *Haskins,* 2 Johns. Ca. 284; *Service* v. *Heermance,* 1 Johns. R. 91; *Furman* v. *Haskins,* 2 Cai. 369; *Miller* v. *Heath,* 7 Cow. 101; *Bolton* v. *Lawrence,* 7 Wend. 461; *Patten* v. *Harris,* 10 Wend. 623; *Perkins* v. *Burbank,* 2 Mass. 81; *Aiken* v. *Sanford,* 5 Mass. 494; *Gerrish* v. *Train,* 3 Pick. 124.

A like power exists to allow a plea or replication to be amended after it has been adjudged bad on demurrer. *Cruger* v. *Cropsey,* 3 Johns. R. 240; *Hartwell* v. *Hemmenway,* 7 Pick. 117; *Hutchinson* v. *Brock,* 11 Mass. 119.

The power is to be exercised in the discretion of the court, and only in furtherance of justice. *Miller* v. *Heath,* 7 Cow. 101; *Patten* v. *Harris,* 10 Wend. 623; *Perkins* v. *Burbank,* 2 Mass. 81.

We think the power may be exercised by the judge at *nisi prius.*

In *Strout* v. *Durham,* 23 Maine, 483, this court held that the judge of the district court had power to award a repleader.

In *Bank* v. *Blake,* 66 Maine, 285, where the demurrer was filed at the second term, it was held, that the defendant could not claim leave to plead anew as matter of legal right, that the motion was addressed to the discretion of the presiding justice, and that to the exercise of that discretion, exceptions did not lie.

In equity, when good cause is shown, the court, at *nisi prius,* has power to allow a repleader upon terms. *P. S. & P. R. R. Co* v. *B. & M. R. R. Co.* 65 Maine, 122.

In *Gerrish* v. *Train,* 3 Pick. 124, a repleader was ordered by the Chief Justice of the C. C. P. and the court, on exceptions, affirmed the order.

The motion for leave to plead anew, is addressed to the discretion of the court. It is not a matter of legal right. It must

be made at the term when the demurrer is passed upon, and before exceptions. *Furbish* v. *Robertson*, 67 Maine, 35. It does not raise a question of law to go to the law court, as matter of course, under R. S., c. 77, § 13. The conclusion to which we have come, is consistent with the provisions of R. S., c. 82, § 19. *Endicott* v. *Morgan*, 66 Maine, 456.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and SYMONDS, JJ., concurred.