## GEORGE BLOUNT, Respondent, v. AMY JANE WETHERELL, Appellant.

*Sale of diluted milk to a cheese factory — who may sue for the penalties —* 1878, *chap.* 237.

In the season of 1880 the plaintiff and a number of other persons, more than seven, formed an informal association for the purpose of manufacturing cheese, from milk to be furnished by them, and elected a secretary, treasurer and salesman. The cheese was to be manufactured by the plaintiff, in a building and with machinery belonging to him, at a specified price per hundred pounds. The defendant, who had refused to join the association, sold her milk to the plaintiff,

at a fixed price, knowing that he purchased it for the purpose of manufacturing cheese therefrom. The plaintiff delivered the milk so purchased, at the factory, as his own, and made cheese therefrom for the association. In this action, brought by the plaintiff against the defendant to recover the penalties prescribed by chapter 237 of 1878, for diluting milk sold to be used in making butter or cheese, the complaint alleged, among other things, that the association, of which the plaintiff was a member, consisted of more than seven members. *Held*, that if the other associates should have been joined as parties to the action, the defect was waived by the failure of the defendant to demur.

That the plaintiff was entitled to recover.

APPEAL from a judgment of the Oswego County Court in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover penalties for a violation of chapter 237 of the Laws of 1878. So much of the same as is necessary in disposing of the question presented is as follows : " Whoever shall with intent to defraud sell, supply, or bring to be manufactured, to any butter or cheese manufactory in this State, any milk diluted with water * * * shall for each and every offense forfeit and pay a sum not less than twenty-five dollars, nor more than one hundred dollars, with costs of suit, to be sued for in any court of competent jurisdiction for the benefit of the person or persons, firm, or association or corporation, or their assigns, upon whom such fraud shall be committed."

The verdict was for $275. The defendant admitted that she sold and delivered to the plaintiff the milk from her dairy of cows for the season mentioned, and that upon four separate occasions and on different days she diluted the milk so delivered with water.

*J. J. Lamoree*, for the appellant.

*Pardee & Piper*, for the respondent.

BARKER, J.:

The only question presented on this appeal that merits attention is, was the plaintiff entitled in his own right to the penalties incurred. The statute gives the penalty to any manufacturer of butter or cheese, whether the same be carried on by an individual, a partnership, or an association of individuals or a corporation. If a fraud is perpetrated on a dealer in milk by an adulteration of the article by the seller, and the same is intended to be used otherwise than in

making butter and cheese, the statute does not impose upon the wrong-doer a penalty.

The business of making cheese was carried on at the town of Volney during the season of 1880. The plaintiff was the owner of the building and the manufacturing apparatus. The milk from which the cheese was made was supplied by the plaintiff and by other farmers living in the neighborhood. These persons who designated themselves as patrons of the factory, entered into an informal association and elected managers of the business, who were designated as secretary, treasurer and salesman. The associates consisted of more than seven persons, but the number is not stated. The plaintiff contracted with the association to receive milk at the factory and to make it into cheese at a fixed price per hundred pounds. The defendant was not one of the associates and declined to join the association or to deal with it. The milk from her own cows she sold to the plaintiff, individually, at a fixed price per pound, and she agreed to deliver the same to the plaintiff at the factory as a part of the contract of sale. The same was there received by the plaintiff, and he immediately delivered the same to the factory as his own and as one of the partners or associates, and the same was with the other milk made into cheese, which was sold and the net proceeds divided among the patrons of the factory. It was understood by the defendant that the milk which she sold and delivered to the plaintiff was to be used by him in making cheese at the factory, and that he purchased it for that purpose and none other. That the plaintiff was in fact a manufacturer of cheese, admits of no doubt, and that the defendant sold and delivered to him milk to be made into cheese, is equally clear and certain. She had no dealings whatever with the association as such. That she violated the statute is admitted and the penalty should go to the plaintiff.

It is set forth in the complaint that he was a member of an association consisting of seven persons and upwards, who were associated together for the purpose of manufacturing cheese, and that the action was brought for the benefit of himself and for all the members of the association. The pleader doubtless made these averments with a view of meeting the objection, if the one now presented was made. So much of the complaint as refers to the other members of the association may be treated as surplusage, for

the complaint states all the facts and, specifically, the contract relating to the sale of the milk to him by the defendant. The averment was that the same was sold for the purpose of being made by the plaintiff into cheese at the factory.· If the penalty incurred belonged to the plaintiff and his associates, then the non-joinder of these persons·has been waived by an omission to demur.. The rule is, if the non-joinder appears on the face of the complaint and the defendant omits to demur for that reason, he waives the defect of parties and cannot raise the objection by answer or on the trial. (*De Puy* v. *Strong*, 37 N. Y., 372 ; Code of Civil Pro., §§ 488, 498, 499.)

The exceptions taken on the trial mostly relate to, and were intended to bring up the question which we have considered, and do not need separate or further consideration. Some of the rulings of the learned county judge, made on the trial in excluding evidence offered by the defendant, were erroneous, but the evidence rejected, as it turns out, related to issues which were not, in the end, in dispute.

Judgment affirmed, with costs.

HARDIN, J., concurred ; SMITH, P. J., not sitting.

Judgment affirmed.