ADOLPHUS D. STRAUS AND OTHERS, APPELLANTS, *v.* THE TRADESMEN'S NATIONAL BANK AND OTHERS, RESPONDENTS.

*Deposit of a check for a specific purpose — duty of the bank to apply it to that purpose — when a failure to make a proper party a defendant, is waived by a failure to raise the objection by demurrer.*

One Dixon having delivered to the plaintiffs his accommodation check, drawn upon the defendant, notified the plaintiffs that he did not have funds in the bank to meet it, and that they must provide for its payment when presented. The plaintiffs accordingly deposited with the defendant their certified check for the aggregate amount of Dixon's check and a debt due from them to him, to the credit of Dixon, for the purpose of providing means for the payment of his check, the defendant knowing of the purpose with which the said deposit was made.

*Held,* that by accepting the plaintiffs' check, with knowledge of the purpose for which it was deposited, the defendant became bound to apply it in payment of Dixon's check, and could not apply it upon an existing indebtedness due to it from him.

That it was not necessary for the creation of this obligation that the officers of the bank should expressly agree to so use and apply the plaintiffs' check.

That if Dixon should have been made a party to the action, the defect appeared on the face of the complaint and was waived by the said defendant's failure to take the objection by demurrer.

APPEAL from a judgment entered on the dismissal of the complaint at the circuit.

*Edwin B. Smith,* for the appellants.

*Niles & Falls,* for the respondents.

DANIELS, J.

The complaint was dismissed on the opening of the plaintiffs' counsel, on the ground that it failed to present a cause of action against The Tradesmen's National Bank, and that Hiram R. Dixon should have been made a party to the suit. By the complaint it appeared that Dixon delivered to the plaintiffs his accommodation check upon the Tradesmen's National Bank, payable to their order, for the sum of $11,775. After the check had been received by the plaintiffs Dixon informed them that he did not have the funds in the bank to meet it, and that they must provide for its payment

when it should be presented on the next day, by the bank to which
it had been negotiated.    The plaintiffs thereupon made their own
check upon the Hanover National Bank payable to the order of
one of the members of their firm, who indorsed it and procured it
to be certified by the bank upon which it was drawn.    This check
was for the sum of $11,787.50.    Their object in making it was to
provide for the payment of the check loaned them by Dixon, and
another small debt due to him.    This check so made, indorsed and
certified, was delivered to the Tradesmen's National Bank to pay
the borrowed check of Dixon, and the small debt otherwise due
to him.    The allegation contained in the amended complaint, con-
cerning its delivery was that it was done to make said Dixon's
check good, and to insure its payment upon presentation the plain-
tiffs sent their said check, indorsed and certified as aforesaid, by
their own messenger, to said Tradesmen's National Bank, and there
deposited their said certified check to the credit of said Dixon,
solely for the purpose aforesaid; that the Tradesmen's National
Bank then well knew the fact that the plaintiffs' said certified check,
drawn to and indorsed by said Eberstadt, was only intended and
deposited for the sole purpose of meeting and securing the pay-
ment of said Dixon's check to them, and this statement as well as
the others of a material description contained in the complaint,
were required to be taken as true in considering its legal effect
upon the motion to dismiss.    From this statement the fact clearly
appears that the plaintiffs' check was deposited with the Trades-
men's National Bank to the credit of Dixon, solely for the
purpose of paying the check received from him by the plaintiffs.
And the bank having so received *it*, understanding that to
be the intent and object of its deposit, legally accepted the trust
created by the transaction and became obligated to appropriate
so much of the plaintiffs' check as should be required for that pur-
pose to the payment of the check loaned to them by Dixon.    It
was not necessary for the creation of this obligation that the officers
of the bank should expressly agree so to use and apply the plain-
tiffs' check.    The obligation to do that very clearly arose out of the
delivery of the check to the bank with notice that such was the
object of its delivery without any concurrent promise on the part
of the officers of the bank to carry that object into effect.    Their

conduct was such as to disclose their acquiescence in the purpose for which the check was delivered and received, and out of that the obligation plainly arose to apply its proceeds solely and specially as the plaintiffs intended they should be applied. A trust to this extent was created in the plaintiff's favor, and the bank had no right or authority to use any part of the proceeds of the check for a different object. (*United States* v. *State Bank*, 96 U. S , 30, 35 ; *National Bank* v. *Insurance Co.*, 104 id., 54 ; *People* v. *City Bank of Rochester*, 96 N. Y., 32, 37.)

At the time of the deposit of the plaintiff's check with the Tradesmen's National Bank, Dixon was indebted to that institution, and to the extent of that indebtedness, being the sum of $824.28, the Tradesmen's National Bank diverted the proceeds of the plaintiff's check and refused to apply them in payment of the check loaned to them by Dixon, as the bank had become legally bound to do. And for that misappropriation the plaintiffs under the authorities would be entitled to recover against the bank as the facts have been set forth in the complaint.

It appeared upon the face of the complaint, if the fact was at all important, that Dixon should have been made a party to the action, and under the provisions of the Code the objection to the omission to join him should have been taken by demurrer. It was too late to take it by answer. Not having been taken by demurrer it was waived under the express provisions of the Code. (*De Puy* v. *Strong*, 37 N. Y., 372.)

The judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.