Hardin, P. J.
The novel character of this action, the divided vote of the-court of appeals, the affidavits.of the moving party, are sufficient to indicate' that the demurrer was not frivolous, and was not interposed in bad faith. It' was reasonable that the defendant should, by his demurrer, challenge the plaintiff’s right of recovery upon the facts stated in the complaint. It was reasonable that he should take the judgment of the general term thereon, and. it is apparent that the general term, in sustaining the complaint, considered it was a proper case for the interposition of an answer, nothing appears in the decision of the court of appeals to indicate that in its judgment it was1 not a proper case in which an application should be heard in the supreme court-for leave to answer, even after the decision sustaining the complaint in the-court of appeals. Section 497 of the Code of Civil Procedure, as amended in 1877, expressly confers the power to grant leave after the decision of the demurrer, “either ata general or special term, or in the court of appeals, * * * to plead anew, or amend upon such terms as are just,. ” The section gives-a clear statutory power to grant a party the right to plead anew, “in its discretion; * * * upon such terms as are just.” Therefore the special termi had power to grant the motion for leave to serve an answer. The application! was addressed to the discretion of the court. When the demurrer was overruled in the special term, the discretion was exercised in favor of the right, to serve an answer. When that order was sustained by this court at general term, January, 1885, the discretion was exercised in the same.direction. We-are therefore brought to the question of whether the appeal to the court of *843 appeals from our decision made in January, 1885, and the subsequent occur-' rences, are sufficient to work a change in the court in regard to its discretion. We have already seen that the demurrer was not frivolous; that it was not interposed in bad faith; that the nature of the action was such as to warrant the most astute counsel in challenging the right of the plaintiff to recover. The division in the court of appeals warrants us in saying, together with the' other features of the litigation, that the appeal to the court of appeals was taken in good faith. If the defendant had succeeded in that appeal, the action would have been ended. He was disappointed and defeated. Ought that defeat to deprive him of the right to a judicial investigation of the facts embraced in the second branch of his proposed answerY Ought the discretion of this court to be exercised against a defense, and in direct opposition to the" discretion exercised by this court on the 13tli of January, 1885, when by its order leave was granted to the defendant to answer upon payment of costs-of demurrer? If the plaintiff, after she became of age, deliberately, and with knowledge of the facts and circumstances attending the execution of the deed, accepted the sum of $500 “in full satisfaction and discharge of all her claims-‘against the defendant, and of the supposed claims stated and set out in her" complaint in this action,” she ought not in law or in equity to be permitted to recover. It seems reasonable that the issue of fact presented by that branch of the proposed answer should have the usual judicial investigation. We see' nothing in the decision of the court of appeals, or in the authorities quoted upon the argument before us, which operates against the reasonableness of the application.
In Miller v. Heath, 7 Cow. 101, the court said: “It is not of course, on-overruling a frivolous demurrer, to allow the party to withdraw it and plead. But it has often been done where the attorney demurred in good faith, and a-defense on the merits is sworn to.” In that case the application, although the demurrer was held to be frivolous, was allowed. In Simson v. Satterlee,64 N. Y. 657, decided in 1876, the court of appeals held “it is within the dis-' cretion of the court of original jurisdiction whether, upon overruling a demurrer by the defendant, he shall be allowed to answer over.” In Fisher v. Gould, 81 N. Y. 231, it appears that in the opinion the court recognizes that-the application for leave to withdraw the demurrer and answer is addressed to' the discretion of the court. In this case no attention seems to have been given to the rule laid down in section 497 of the Code of Civil Procedure. That ease, ■ however, recognizes Miller v. Heath, supra, as reflecting the general rule re-lating to such applications. The opinion closes with the remark, viz.; “The" court below was right in refusing the order asked for, for it deemed it injudicious to do so, and we may not reverse its decision;” thus indicating that-the court of appeals in that case was unwilling to reverse or interfere with the' discretion that had been exercised in that particular case. It follows, there-" fore, that this application, in virtue of section 497, is addressed to the sound discretion of the court, and that the discretion is to be exercised either one way" or the other, “upon such terms as are just.”
It seems to be a reasonable exercise of discretion in the case now before us,- and, inasmuch as the demurrer was interposed in good faith, in a ease involving a novel question of law, so intricate and close as to lead to a division? in the court of appeals in the decision thereof,—so peculiar and exceptional as! to have led the general term to have granted the leave to answer,—that the discretion should be exercised in the same direction, even after the decision by the court of appeals, so far as to allow the second defense in the proposed answer to come in and receive a judicial investigation, “upon such terms as are just.” As a condition of allowing the second proposed defense, we think the defendant should be required to pay the costs of the demurrer, the costs accruing in the general term, the costs accruing in the court of appeals, $10 costs of opposing at special term, and he should be required to stipulate that *844 ■the testimony of Catheriné Piper, heretofore taken, be read and use®upon trial. It seems reasonable to reverse the order of the special term, and grant leave to the defendant to answer, as above stated, upon the terms stated. .Such an order seems toibe a proper exercise of this court’s discretion, and to be “upon such terms as are just,” and a proper exercise of the power and the ■discretion conferred by section 497 of the Code of Civil Procedure. Order accordingly. All concur.