herein provided, such certification and appointments or selections for appointments therefrom shall be made in the manner prescribed by rule 11 for positions in the competitive class," he is entitled to a probationary appointment, which has a secure tenure of existence during the term in a like manner as competitive appointees. Rule 11 provides that the "person selected shall be duly notified by the appointing officer, and upon accepting and reporting for duty, shall receive from such officer a certificate of appointment for a probationary period of three months"; and it is under this clause that the relator claims exemption from the rule laid down in section 1543 of the Greater New York charter (Laws 1901, p. 636, c. 466). As we read rule 19, it has no relation whatever to the matter of the probationary appointment. It relates merely to the rule governing the selections to be made from the certified list, and not to the length of time for which they shall be appointed. The language is that the commission shall "certify from the appropriate list the names of those standing highest thereon," and this certification "and appointments or selections for appointments therefrom shall be made in the manner prescribed by rule 11." It is merely as to the certification of the commission as to those standing highest upon the appropriate list, and the "appointments or selections for appointments therefrom," which are to be governed by rule 11, and it has nothing whatever to do with the terms of the employment. The Legislature and its creation, the municipal civil service commission, have not yet made it obligatory upon the municipality to retain in employment one who disregards the ordinary obligations of an employé in the simple duties of the noncompetitive civil service, and the relator, not being in the competitive class, and not being otherwise specially protected, comes within the provisions of section 1543 of the Greater New York charter, and the order of the court at Special Term, dismissing the alternative writ of mandamus, is in accord with law and should be affirmed.

The order appealed from should be affirmed, with costs. All concur.

---

McNEIL v. BOARD OF SUP'RS OF SUFFOLK COUNTY et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

PLEADING (§ 222*)—ANSWER AFTER OVERRULING DEMURRER TO COMPLAINT.
    Under Code Civ. Proc. § 497, providing that on the decision of a demurrer the court may in its discretion allow the party in default to plead anew on such terms as are just, a defendant whose demurrer to the complaint has been overruled as frivolous must, to be permitted to answer, show to the reasonable satisfaction of the court that the demurrer was interposed in good faith and that he has a valid defense.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 570; Dec. Dig. § 222.*]

Appeal from Special Term, Suffolk County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by R. Gordon McNeil against the Board of Supervisors of the County of Suffolk and others. From so much of an order sustaining a demurrer to the complaint as frivolous as permits defendant to answer, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

John J. Cunneen (William W. Niles, on the brief), for appellant. George H. Furman, for respondents.

JENKS, J. The plaintiff moved for judgment in that the defendants' demurrer was frivolous. The Special Term thereupon made an order that declared the demurrer frivolous and ordered judgment, with costs and $10 costs of the motion, but that also granted leave to the defendant, on payment of $10 costs of this motion, to serve an answer within 10 days. The plaintiff appeals from the part of the order that permits an answer. Section 497 of the Code of Civil Procedure.

When a demurrer is overruled as frivolous, the demurrant as a defendant should not be permitted to answer in course, but only upon a showing to the reasonable satisfaction of the court that the demurrer was interposed in good faith and that he has a valid defense. See Patten v. Harris, 10 Wend. 624; Miller v. Heath, 7 Cow. 101; Fisher v. Gould, 81 N. Y. 231; Osgood v. Whittelsey, 20 How. Prac. 72; Norwood v. Harris, 69 N. C. 204. It does not appear that the defendants even attempted to thus satisfy the court, and hence to permit this order to stand is a recognition of practice which is available for mere vexation or delay. Doubtless the Special Term, upon due and diligent application, would withhold the entry of judgment upon the frivolous pleading to enable the pleader to satisfy the court that he should be permitted to answer upon proper terms.

The order, so far as appealed from, is reversed, with $10 costs and disbursements, without prejudice to the respondent to apply for leave to answer. All concur.