PRICE v. WALKER.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. CONTRACTS (§ 332\*)—CONTRACT TO ASSIGN—ACTION FOR BREACH—COMPLAINT.

Plaintiff sued to recover $1,000 paid to defendant for an assignment of his bid for certain premises at a judicial sale and to recover $500 damages. Plaintiff alleged that defendant agreed in writing with her that in consideration of $1,000 he would assign to her the terms of sale, his bid, and his right to receive the sheriff's deed, referring to a copy of the agreement annexed to the complaint as an exhibit which acknowledged the receipt of $1,000 in consideration of which defendant agreed to enter into such agreement as might be proper in the premises, with reference to his assigning the terms of sale or his right to receive the sheriff's deed to premises described, by plaintiff by his attorney, and further charged that defendant refused to assign the terms of sale or his bid, or his right to receive the deed, and had not returned to plaintiff the amount so paid to him, though plaintiff had duly demanded such assignment and return of the money so paid. Held, that the complaint stated a cause of action, and that a demurrer thereto, for want of sufficient facts, was frivolous.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1615; Dec. Dig. § 332.\*]

2. PLEADING (§ 222\*)—PERMISSION TO ANSWER AFTER DEMURRER.

Plaintiff sued to recover $1,000 paid for an assignment of defendant's bid for certain premises at a judicial sale and to recover $500 damages, alleging a contract to assign the bid by defendant's agent. After the sustaining of a demurrer to the complaint as frivolous, defendant applied for leave to answer. The proposed answer denied any information or belief as to whether his agent did make such a contract, and on information and belief alleged that he did not. The paper offered as evidence of the contract was ambiguous in form, and, without the other allegations of the complaint as to its meaning, might not be enforceable, and was alleged not to be the true contract of the parties. The complaint also charged that the property was afterwards sold without plaintiff's consent, which the proposed answer denied. Held, that the proposed answer pleaded a defense, and that the court erred in refusing to grant defendant leave to file the same.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 570; Dec. Dig. § 222.\*]

Woodward, J., dissenting.

Appeal from Special Term, Kings County.

Action by Edith Y. Price against Ephraim A. Walker. From a judgment for plaintiff on an order overruling defendant's demurrer and

from an order denying defendant's motion for permission to answer, he appeals. Order directing judgment affirmed, and order denying leave to answer reversed with leave.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Chauncey E. Treadwell, for appellant.
George W. McKenzie, for respondent.

BURR, J. On the 25th day of August, 1909, an order was entered in this action directing judgment in favor of plaintiff upon the ground that defendant's demurrer to the amended complaint was frivolous. From that order an appeal is taken to this court. The notice of appeal also recites that it is taken from the judgment entered in accordance therewith. This judgment was not entered until the 18th day of October, 1909. In the meantime defendant moved for leave to answer the complaint, submitting a proposed amended answer. This motion was denied, and from the order denying such motion an appeal is also taken.

I agree with Mr. Justice WOODWARD that the demurrer was frivolous. The suggestion in appellant's brief that the complaint contains no allegation that defendant refused to enter into an enforceable agreement to assign the bid, I think, is met by the allegation of the complaint that defendant declined to assign the bid itself, and without the consent of plaintiff took a deed of the said premises. I therefore vote to affirm the order directing judgment upon the demurrer.

I dissent from so much of the said opinion as holds that the order refusing leave to plead over was properly made. The proposed answer sets up a good defense. In effect the complaint alleges an agreement by defendant's agent. Defendant does not deny any information or belief as to whether his agent did make such a contract; upon information and belief he alleges that he did not. This may be all that he could do, and, if true, it constitutes a defense. Conceding that the demurrer admits the legality of the written paper if it is a contract, the answer denies that the written paper is a contract, binding upon the defendant, because it was not executed by his authority. The accompanying affidavit not only does not contradict or discredit the statement in the answer, but shows that the paper, which is ambiguous in form, and which without the other allegations of the complaint as to its meaning and effect might not be enforceable, was not the true contract between the parties. The complaint alleges that the property was afterwards sold without plaintiff's consent. The answer denies this. This would certainly raise a question as to the damages, for plaintiff seeks to recover not only the money which she paid, but the loss of her bargain.

The order directing judgment upon defendant's demurrer as frivolous should be affirmed. The order denying leave to defendant to plead over should be reversed, and the motion for leave to plead granted, provided that the answer be served within 10 days after the entry of the order herein, the judgment entered to stand as security pending the trial of the issues in this action. Neither of the parties

should have costs of the appeal against the other. All concur, except WOODWARD, J., who reads for affirmance.

WOODWARD, J. (dissenting). The plaintiff brought an action to recover the sum of $1,000 which she paid to the defendant for an assignment of his bid for the premises 978 Lorimer street, Brooklyn, and for the sum of $500 damages. All of the facts necessary to a good cause of action were concededly stated, except that the plaintiff alleged that:

"On the 3d day of March, 1906, the defendant agreed in writing with the plaintiff that for and in consideration of the sum of $1,000 the defendant would assign to the plaintiff the terms of sale, his bid, and his right to receive the said sheriff's deed; that a copy of such agreement is hereto annexed and marked 'Exhibit A'; that the plaintiff paid the defendant the said sum of $1,000 and the defendant received and kept the same."

Attached to the complaint, as Exhibit A, was the following memorandum:

"March 3, 1906.

"Received from Miss Edith Y. Price one thousand dollars ($1,000) in consideration of which Mr. Walker will enter into such agreement as may be proper in the premises, with reference to his assigning the terms of sale or his right to receive the sheriff's deed to the premises 978 Lorimer St., Brooklyn, N. Y. 　　　　Signed for E. A. Walker,

"By Walter Wilmurt."

The complaint further alleged that:

"The defendant refused to assign the terms of sale, or his bid, or his right to receive the deed of the sheriff of said premises aforesaid, and has not returned to the plaintiff the said sum of $1,000 so paid to him as aforesaid, although plaintiff has duly demanded such assignment and that plaintiff has duly demanded the return of the money so paid to defendant."

The defendant demurred to this complaint, and the plaintiff moved for judgment on the pleadings under the provisions of section 537 of the Code of Civil Procedure, on the ground that the demurrer was frivolous. This motion was granted, and the defendant subsequently moved at Special Term for permission to answer. This motion was denied, and the defendant appeals from the order denying such motion, as well as from the judgment entered upon the order overruling the demurrer as frivolous. The only question necessary to determine here is whether the demurrer was frivolous; if it was, then the judgment is properly entered, and the order denying the motion to permit an answer is right, and should not be disturbed.

The contention of the defendant seems to be that the plaintiff, having made Exhibit A a part of her complaint, is bound by the terms of that contract, and that the demurrer does not admit the allegations of the complaint that on the 3d day of March, 1906, the defendant agreed in writing with the plaintiff that for and in consideration of the sum of $1,000 the defendant would assign to the plaintiff the terms of sale, his bid, and his right to receive the said sheriff's deed. Undoubtedly, if the terms of the contract set out in the pleadings are at variance with the conclusions of the pleader, such conclusions are not admitted by the demurrer; but in the present case there is no such conflict. The agreement set out by the plaintiff is capable of but one construction,

and that is that the plaintiff has paid to him the sum of $1,000, for which he agrees to assign to her his rights under his bid for the premises, 978 Lorimer street, Brooklyn, N. Y., and the complaint merely alleges this in different language. The demurrer admits, therefore, all of the material facts alleged in the complaint, and the demurrer is frivolous.

Under the facts admitted by the demurrer, as I construe the written contract, the defendant has received and retained $1,000 of the plaintiff's money, although she has demanded the return of the same, and he refuses to fulfill the terms of his agreement to assign his interest in the bid for the premises, and has sold the same to a third party, after taking the sheriff's deed in disregard of his duty to the plaintiff. It seems to be conceded that, the defendant's demurrer having been overruled as frivolous, he is not entitled to answer as a matter of course, but only upon showing to the reasonable satisfaction of the court that the demurrer was interposed in good faith and that he has a valid defense. McNeil v. Board of Supervisors, 131 App. Div. 126, 127, 115 N. Y. Supp. 215, and authorities there cited. The determination of the court that the demurrer was frivolous raises a presumption at least that it was not interposed in good faith, and it having been admitted that the contract in writing was made, and this court having held that such contract entitled the plaintiff to relief, and it not being possible to change the fact of the contract or the construction which has been placed upon it, how is the defendant to show that he has a good defense? No one seriously contends that the statute of frauds is involved in this transaction, and the entire so-called "defense" must rest, therefore, upon the denials contained in the proposed answer. He admits the first paragraph of the complaint, and upon information and belief denies the second paragraph, which alleges that:

"On the 3d day of March, 1906, the defendant agreed in writing with the plaintiff that for and in consideration of the sum of $1,000 the defendant would assign to the plaintiff the terms of sale, his bid, and his right to receive the said sheriff's deed; that a copy of such agreement is hereto annexed and marked 'Exhibit A'; that the plaintiff paid the defendant the said sum of $1,000 and the defendant received and kept the same."

But the defendant in his affidavit in support of his motion says that during the course of certain negotiations the plaintiff "paid $1,000 in consideration of the signing of the contract so called, which is annexed to the complaint," and that the money which was received from her was used in the payment of certain obligations owing to the defendant by one William A. Price, a brother of the plaintiff. Here is a clear admission that the contract set forth in the pleadings was properly signed, and that it was for the consideration expressed therein, and the plaintiff, in her affidavit opposing the motion, swears that at "the time the agreement was entered into as alleged in the complaint, I paid the $1,000 with my own money, and by my own check, signed by myself," which check is set forth, "and that said check was duly indorsed by said defendant 'E. A. Walker.'" She further says that she acted "solely for herself in the negotiations, and her dealings with the defendant were with him in an individual capacity for the reason that the defendant purchased the property in his own name at the sale, and

received the deed in his own name, and, furthermore, the contract with plaintiff was with the defendant individually, and the check was paid to defendant individually."

There appears to be no dispute, therefore, that the defendant entered into the written contract with the plaintiff which is set forth in the complaint, and we have held that this contract was sufficient to support the plaintiff's claim; that the demurrer interposed was frivolous; and that the judgment entered was proper. Where is the defense? It is hinted at in the defendant's affidavit, and it seems to contemplate showing that the plaintiff had undertaken to take over the bid at a price which was greater than that set forth in the written contract, or, in other words, that there was an agreement differing from that set forth in the complaint. But no such defense is pleaded; no affirmative defense is suggested, and the only thing to be spelled out of the proposed answer is a denial on information and belief of the fact of this written contract, which the defendant admits in his affidavit was entered into for a consideration of $1,000 paid by the plaintiff, and which the defendant has diverted to the payment of an obligation owed by the plaintiff's brother, because he believed the plaintiff was negotiating for her brother. I fail to see wherein the defendant has shown any defense to this action; how his answer can be said to raise any issue of fact to be tried, in view of his admission that the contract was made for a good consideration. There is no plea that the contract was made by an unauthorized agent; the defendant admits that the contract was made in consideration of the payment of $1,000 by the plaintiff, and the plaintiff shows that the contract was made with the defendant individually, as is properly inferred from the defendant's admission. This court has passed upon the sufficiency and construction of this contract in ruling upon the demurrer, and I am unwilling to hold that the defendant has shown any reason whatever why he should be permitted to withdraw his demurrer and answer. The proposed answer, particularly in view of the defendant's admissions, does not show any reason for delaying final judgment. The defendant has had plaintiff's money, and has used it for the purpose of paying the debt of a third party to a bank of which he was president, and the making of the contract being conceded, and no affirmative defense worthy of serious consideration having been interposed, the plaintiff is entitled to relief now.

The judgment and order appealed from should be affirmed, with costs.